John Copertino, J.
Defendant moves to dismiss the information charging him with speeding in violation of section 1180 (subd. [d]) of the Vehicle and Traffic Law as having .occurred in the Second Judicial District on the ground that this information is jurisdictionally defective in that it has been laid in the First Judicial District. The question before the court is whether the failure to lay an information in the district where it is alleged that the infraction took place is jurisdictionally fatal.
With certain exceptions which are inapplicable to the question that has been raised herein, section 155 of the Vehicle and Traffic Law requires that traffic infractions be' treated as misdemeanors for procedural purposes.
Section 2001 of the Uniform District Court Act provides as follows: ‘ ‘ Each of the judges of the court may sit as a court of special sessions, and as such shall have original jurisdiction of all misdemeanors committed at any place within the territorial jurisdiction of the court; and, sitting as a magistrate* he shall also have jurisdiction, of all offenses of a grade less then mis *152 demeanor committed at any place within such territorial jurisdiction. Jurisdiction in each case shall be concurrent with the jurisdiction of police justices, justices of the peace or judges of city courts within such territory.” In view of the foregoing language it cannot be gainsaid that the District Court of the County of Suffolk has jurisdiction of all misdemeanors, violations, and traffic offenses committed within the territorial limits of the court.
Section 2009 of the Uniform District Court Act is often cited by attorneys in support of motions of this nature as conclusive of the issue. It should be pointed out that section 2009 of the Uniform District Court Act speaks only of ‘ ‘ venue ’ ’ and the place of trial. It in no way alters the territorial concept of jurisdiction as set forth in section 2001 of the Uniform District Court Act. Under our law here in New York venue relates to the place of trial and in no way affects jurisdiction. Section 2009 of the Uniform District Court Act is not controlling with respect to the question of jurisdiction. So long as the alleged infraction occurs somewhere within the five western towns of Suffolk County, the District Court has jurisdiction.
Further, section 2403 of the Uniform District Court Act provides that the entire District Court system shall constitute the First Judicial District. It follows, therefore, that a traffic infraction occurring anywhere within the territorial limits of the District Court system can be tried in the Firs't Judicial District.
The orderly administration of justice and the convenience of our citizens are not impaired by making traffic summonses issued by county-wide or even State-wide police agents returnable in the First Judicial District.
A different argument, of course, can be made with respect to venue in cases where the violation of town ordinances is involved. The convenience of our citizens will best be served by voluntarily restricting venue to the judicial district in which the violation is said to have occurred. In such cases, it is the likelihood that the enforcing agency, the alleged violator, and the place of occurrence are all within the same judicial district. Under those circumstances the convenience of our citizens would best be served by a trial in the judicial district of the occurrence.
It is difficult to understand, however, how convenience is always served by requiring trial in the district of the occurrence of a traffic violation when in so many cases the defendant and the officer are there merely by happenstance.
Accordingly, the motion to dismiss is denied and the action is restored to the trial calendar for trial on July 11, 1969.